Kenneth Wayne HARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0403–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 11, 1982.

Audley Heath, Houston, for appellant.

Bill Willms, Houston, for appellee.

Before BASS and DYESS, JJ.

SMITH, Justice.

The appellant was convicted of burglary of a habitation. The trial court, upon a finding that the appellant was previously convicted of aggravated robbery, assessed his punishment at twenty years. The sole question posed in this case is whether the warrantless search for property in an apartment violated the rights of the appellant as set forth in the Fourth Amendment of the United States Constitution.

The evidence adduced during the trial reveals that a witness observed the appellant and two other black males back a purple Cadillac up to a Mr. Miller's apartment, take property from the apartment, place the property in the trunk of the Cadillac and drive off. The Cadillac was located and one of the suspects was arrested on the balcony of a nearby apartment. Another suspect was arrested when he appeared in the doorway of the apartment to leave. Mr. Miller, the owner of the property, had accompanied the police to the apartment where the suspects were arrested. As Mr. Miller passed the open door of the apartment, he observed his stolen property on the premises and notified the police. The police entered the apartment and found the appellant hiding in a closet.

The appellant's one ground of error contends that the trial court erred in not suppressing evidence seized in the warrantless search of the apartment. The State responds by asserting that the appellant never asserted any expectation of privacy over the apartment. The State further asserts that the evidence was in plain view of the police officers as well as Mr. Miller.

■ Fourth Amendment rights are personal rights, which like some other constitutional rights, may not be vicariously asserted. A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978). The appellant is apparently of the opinion that he has an automatic standing for the rights set forth in the Fourth Amendment, but this position has been rejected by the United States Supreme Court in *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). In *Salvucci*, the Supreme Court stated:

> While property ownership is clearly a factor to be considered in determining whether an individual's Fourth Amendment rights have been violated (citations omitted) property rights are neither the beginning nor the end of this Court's inquiry. In *Rakas*, this Court held that an illegal search only violates the rights of those who have "a legitimate expectation of privacy in the invaded place." (citations omitted)

■ In the instant case the appellant has never asserted any expectation of privacy over the apartment, and it is not necessary for the State to raise the standing issue at trial court. *Sullivan v. State*, 564 S.W.2d 698 (Tex.Cr.App.1977).

The State also asserts that the evidence was in plain view of the police officers looking through the open door of the apartment and that no warrant was necessary

**776**

under these circumstances. The Texas Court of Criminal Appeals addressed this issue in *Albro v. State*, 502 S.W.2d 715, 716 (Tex.Cr.App.1973), wherein it stated as follows:

> Finally, from the evidence appellant presented it appears that the marijuana was lawfully obtained. There is nothing to show that the officers had unlawfully intruded into a constitutionally protected area when they observed the marijuana in open view. Under such circumstances they had the right to enter the open door and to continue to investigate.

In view of the fact that appellant has never asserted any expectation of privacy over the apartment searched, and further, that the evidence seized was in plain view, we find no merit in the appellant's contentions.

The appellant, by pro se brief, alleges a fatal variance between the judgment and sentence, and the offense charged. He states the indictment, the jury charge and the jury verdict use the phrase "burglary of a habitation," while the judgment and sentence state "burglary of a building."

The appellant is correct in his assertion, that there is a variance, however this court may reform the sentence and judgment when this court has the data and evidence to do so. *Knight v. State*, 581 S.W.2d 692 (Tex.Cr.App.1977).

In this case an obvious clerical error has been made. Accordingly, the judgment and sentence are hereby reformed to state "burglary of a habitation."

We have reviewed the other ground of error in the appellant's pro se brief and determined that it is without merit.

The judgment of the trial court is reformed as stated herein and as reformed the judgment of the trial court is affirmed.