

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-372-CR

JEFFERY P. JOAS          APPELLANT

V.

THE STATE OF TEXAS          STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

In two points, Appellant Jeffery P. Joas appeals his conviction for possession of methamphetamine in the amount of four grams or more but less than two hundred grams. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

On March 14, 2005, Todd Muthert and his wife Cherry were traveling down Rufe Snow Drive in Fort Worth when they witnessed a two-car accident. Immediately following the accident, Todd saw one of the drivers involved in the accident, later identified as Joas, get out of his vehicle, run through a parking lot, and head behind some businesses. Todd and Cherry followed and Todd saw Joas throw a silver object into a dumpster.[2] Todd yelled at a group of people who had gathered nearby to "call the cops." Joas, who heard Todd's statement, responded, "No." Todd then stated that he would call the cops and Joas responded, "No, you're not." Joas then returned to the scene of the accident. Todd, using a borrowed cell phone, called 911. While waiting for the police, Todd looked inside the dumpster and saw what appeared to be a silver Altoid can sitting on top of a cardboard box.[3] At some point, Todd returned to

---

[2] During trial, Todd testified that the object was white. However, in Todd's written statement to the police, he stated that the object was silver. When asked which statement would be the most accurate, Todd testified that his written statement, given the day of the incident, was more accurate then his testimony given three years after the incident had occurred.

[3] During trial, Todd testified that the silver can was in plain sight; however, in Todd's written statement given on the day of the incident, he had stated, "After talking to the police on the phone, I continued to look for the canister."

the scene of the accident; Cherry remained beside the dumpster until the police arrived.

When Sergeant Jeff Garner from the North Richland Hills Police Department arrived at the scene of the accident, Todd told him what he had witnessed and filled out a police report stating the same. Sergeant Garner then went to the dumpster, looked inside, and saw a small, silver, rectangular tin box sitting on top of a piece of cardboard that was covering a large area of the dumpster. After recovering the silver tin box, Sergeant Garner opened it and saw two small sealable bags containing what appeared to be methamphetamine. Sergeant Garner then placed Joas under arrest. Forensic tests confirmed that both packets contained methamphetamine, one in the amount of 27.47 grams and the other in the amount of 0.38 grams.

The State charged Joas with possession of a controlled substance, namely methamphetamine, of four grams or more but less than two hundred grams. The charge included a habitual offender notice, listing two prior convictions for possession of methamphetamine, both in the amount of four grams or more but less than two hundred grams. A jury found Joas guilty, and the trial court sentenced him to thirty-five years' confinement. This appeal followed.

### III. Legal and Factual Sufficiency

In his first and second points, Joas asserts that the evidence was both legally and factually insufficient to support his conviction for possession of a controlled substance. We disagree.

### A. Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Neal v. State*, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 1037 (2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Lancon v. State*, 253 S.W.3d 699, 704

(Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417. To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court "harbor a subjective level of reasonable doubt to overturn [the] conviction." *Id*. We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury's resolution of a conflict in the evidence. *Id*. We may not simply substitute our judgment for the factfinder's. *Johnson v. State*, 23 S.W.3d 1, 12 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Unless the record clearly reveals that a different result is appropriate, we must defer to the jury's determination of the weight to be given contradictory testimonial evidence because resolution of the conflict "often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered." *Johnson*, 23 S.W.3d at 8. Thus, unless we conclude that it is necessary to correct manifest injustice, we must give due deference to the factfinder's determinations, "particularly those determinations concerning the

5

weight and credibility of the evidence." *Id*. at 9. Our deference in this regard safeguards the defendant's right to a trial by jury. *Lancon,* 253 S.W.3d at 704.

**B. Applicable Law**

A person commits the felony offense of possession of a controlled substance if he intentionally or knowingly possesses methamphetamine in the amount of four grams or more but less than two hundred grams. Tex. Health & Safety Code Ann. § 481.115(a), (d) (Vernon Supp. 2009). Possession is defined as having "actual care, custody, control, or management" of the controlled substance. Tex. Penal Code Ann. § 1.07(39) (Vernon Supp. 2009).

To support a conviction for possession of a controlled substance, the State must prove: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). If the accused is not in exclusive possession of the contraband, the State must show additional independent facts and circumstances that affirmatively link the accused and the contraband. *Brown v. State*, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995); *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. 1981). Mere presence where the drugs are found is insufficient, but when combined with other evidence, either direct or circumstantial ("links"), may well

6

be sufficient to establish knowing possession, control, management, or care of the contraband beyond a reasonable doubt. *Evans*, 202 S.W.3d at 162.

Possible links include: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Id.* at 162 n.12.

It is not the number of links between the defendant and the contraband that is dispositive, but rather the logical force of all the evidence. *Id.* at 162. Incriminating connections may be shown by direct or circumstantial evidence. *Brown*, 911 S.W.2d at 747. The evidence need not exclude every reasonable hypothesis other than the defendant's guilt, but it must show facts and

circumstances that, viewed in the totality of the circumstances, indicate the defendant's knowledge and control over the drugs. *See id.* at 748; *State v. Derrow*, 981 S.W.2d 776, 778 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

## C. Legal Sufficiency

Here, the following evidence linked Joas to the methamphetamine found in the dumpster: (1) Joas ran from the scene of an accident that he was involved in to throw something into a dumpster; (2) a witness saw Joas throw a silver object into the dumpster; (3) Joas did not want the police called when the witness suggested on more than one occasion that the police should be called; (4) the police recovered a silver object from the dumpster that was in plain view on top of a cardboard box; and (5) the silver object contained methamphetamine. We conclude that the logical force from these links is sufficient for a rational jury to have concluded beyond a reasonable doubt that Joas exercised care, custody, control, or management over the methamphetamine. Accordingly, we overrule Joas's first point.

## D. Factual Sufficiency

In his second point, which attacks the factual sufficiency of the evidence linking him to the methamphetamine, Joas emphasizes the following facts: (1) there were inconsistencies as to whether the object was white or silver, (2)

there were inconsistencies as to whether the sliver tin box was in plain sight, and (3) no fingerprint tests were ever performed. We have given due consideration to these facts but, after reviewing the evidence in a neutral light, we hold the proof of guilt is not so weak as to undermine confidence in the jury's verdict. *See Vodochodsky v. State*, 158 S.W.3d 502, 510 (Tex. Crim. App. 2005).

The record evidence supporting the trial court's judgment—though contradicted somewhat by minor inconsistencies in the testimony—is not greatly outweighed by any contrary evidence. *See Bowden v.* State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982) (holding that the jury is to resolve conflicts in evidence and such conflicts will not call for reversal if there is enough credible testimony to support the conviction). We do not believe these inconsistencies render the jury's verdict "shocking" or "manifestly unjust," especially when considering that three years had passed since the time of the incident and the time the witness testified at trial.

The record reveals multiple links between Joas and the methamphetamine: (1) a witness observed Joas running from the scene of a car accident that he was a party to; (2) a witness saw Joas throw a silver object into a dumpster; (3) a witness asked bystanders to call the police, and Joas responded, "No"; (4) a witness said that he was going to call the police,

9

and Joas responded, "No, you're not"; (5) a witness stayed with the dumpster until the police arrived; (6) the police recovered a silver tin box that contained what appeared to be methamphetamine; (7) a witness testified that the silver tin box was in plain sight; (8) another witness testified that the silver tin box was the only object sitting on top of a cardboard box that covered most of the area in the dumpster; and (9) forensic tests confirmed that the silver tin box contained methamphetamine.

Considering all of the evidence in a neutral light, we conclude that the evidence was factually sufficient to sustain the jury's verdict. *See, e.g., Ortiz v. State*, No. 06-08-00090-CR, 2008 WL 5396546, at *2–3 (Tex. App.—Texarkana Dec. 30, 2008, pet. ref'd) (concluding that security guard witnessing appellant throw a plastic bag with a white substance on it into a trash can was sufficient to uphold conviction for possession of a controlled substance); *Haynes v. State*, No. 13-04-00492-CR, 2005 WL 2470529, at *2–3 (Tex. App.—Corpus Christi Oct. 6, 2005, no pet.) (holding that officer's testimony that appellant approaching a trash can, reaching down towards his waist, and then extending his hands toward the trash can was sufficient to uphold conviction for possession of a controlled substance); *see also Dempsey v. State*, 667 S.W.2d 801, 803–04 (Tex. App.—Beaumont 1983, pet. ref'd) (stating that eyewitness testimony that tied appellant to the dumpster arm slot

10

at a time when the contraband was present was sufficient, when combined with fact that, during the time of the surveillance, no other person approached the dumpster and no other person except the appellant reached toward the arm slot, to sustain conviction of possession of a controlled substance). Accordingly, we overrule Joas's second point.

## IV. Conclusion

Having overruled both of Joas's points, we affirm the trial court's judgment.

                                        BOB MCCOY
                                        JUSTICE

PANEL:  LIVINGSTON, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 29, 2009

11