COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-372-CR

 

 

JEFFERY P. JOAS                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  INTRODUCTION

In two points, Appellant Jeffery P. Joas appeals
his conviction for possession of methamphetamine in the amount of four grams or
more but less than two hundred grams.  We
affirm.








                              II.  Factual and Procedural History








On March 14, 2005, Todd Muthert and his wife
Cherry were traveling down Rufe Snow Drive in Fort Worth when they witnessed a
two-car accident.  Immediately following
the accident, Todd saw one of the drivers involved in the accident, later identified
as Joas, get out of his vehicle, run through a parking lot, and head behind
some businesses.  Todd and Cherry
followed and Todd saw Joas throw a silver object into a dumpster.[2]  Todd yelled at a group of people who had
gathered nearby to Acall the cops.@  Joas, who heard Todd=s
statement, responded, ANo.@  Todd then stated that he would call the cops
and Joas responded, ANo, you=re not.@  Joas then returned to the scene of the
accident.  Todd, using a borrowed cell
phone, called 911.  While waiting for the
police, Todd looked inside the dumpster and saw what appeared to be a silver
Altoid can sitting on top of a cardboard box.[3]  At some point, Todd returned to the scene of
the accident; Cherry remained beside the dumpster until the police arrived.

When Sergeant Jeff Garner from the North Richland
Hills Police Department arrived at the scene of the accident, Todd told him
what he had witnessed and filled out a police report stating the same.  Sergeant Garner then went to the dumpster,
looked inside, and saw a small, silver, rectangular tin box sitting on top of a
piece of cardboard that was covering a large area of the dumpster.  After recovering the silver tin box, Sergeant
Garner opened it and saw two small sealable bags containing what appeared to be
methamphetamine.  Sergeant Garner then
placed Joas under arrest.  Forensic tests
confirmed that both packets contained methamphetamine, one in the amount of
27.47 grams and the other in the amount of 0.38 grams.

The State charged Joas with possession of a
controlled substance, namely methamphetamine, of four grams or more but less
than two hundred grams.  The charge
included a habitual offender notice, listing two prior convictions for
possession of methamphetamine, both in the amount of four grams or more but
less than two hundred grams.  A jury
found Joas guilty, and the trial court sentenced him to thirty-five years=
confinement.  This appeal followed.








                              III.  Legal and Factual Sufficiency

In his first and second points, Joas asserts that
the evidence was both legally and factually insufficient to support his
conviction for possession of a controlled substance.  We disagree.

A.  Standards of Review

In reviewing the legal sufficiency of the
evidence to support a conviction, we view all of the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Neal v. State,
256 S.W.3d 264, 275 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct.
1037 (2009); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006).  We then ask whether the evidence
supporting the conviction, although legally sufficient, is nevertheless so weak
that the factfinder=s determination is clearly wrong
and manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder=s
determination is manifestly unjust.  Lancon
v. State, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); Watson, 204
S.W.3d at 414B15, 417.  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at
417.








In determining whether the evidence is factually
insufficient to support a conviction that is nevertheless supported by legally
sufficient evidence, it is not enough that this court Aharbor a
subjective level of reasonable doubt to overturn [the] conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s
resolution of a conflict in the evidence. 
Id.  We may not simply
substitute our judgment for the factfinder=s.  Johnson v. State, 23 S.W.3d 1, 12
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997).  Unless the record clearly
reveals that a different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at 8.  Thus, unless we conclude that it is necessary
to correct manifest injustice, we must give due deference to the factfinder=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@  Id. at 9.  Our deference in this regard safeguards the
defendant=s right to a trial by jury.  Lancon, 253 S.W.3d at 704.

B.  Applicable Law

A person commits the felony offense of possession
of a controlled substance if he intentionally or knowingly possesses
methamphetamine in the amount of four grams or more but less than two hundred
grams.  Tex. Health & Safety Code
Ann. '
481.115(a), (d) (Vernon Supp. 2009). 
Possession is defined as having Aactual
care, custody, control, or management@ of the
controlled substance.  Tex. Penal Code
Ann. ' 1.07(39)
(Vernon Supp. 2009).








To support a conviction for possession of a
controlled substance, the State must prove: 
(1) the accused exercised control, management, or care over the
substance; and (2) the accused knew the matter possessed was contraband.  Evans v. State, 202 S.W.3d 158, 161
(Tex. Crim. App. 2006); Poindexter v. State, 153 S.W.3d 402, 405 (Tex.
Crim. App. 2005).  If the accused is not
in exclusive possession of the contraband, the State must show additional
independent facts and circumstances that affirmatively link the accused and the
contraband.  Brown v. State, 911
S.W.2d 744, 748 (Tex. Crim. App. 1995); Deshong v. State, 625 S.W.2d
327, 329 (Tex. Crim. App. 1981).  Mere
presence where the drugs are found is insufficient, but when combined with
other evidence, either direct or circumstantial (Alinks@), may
well be sufficient to establish knowing possession, control, management, or
care of the contraband beyond a reasonable doubt.  Evans, 202 S.W.3d at 162.

Possible links include:  (1) the defendant=s
presence when a search is conducted; (2) whether the contraband was in plain
view; (3) the defendant=s proximity to and the
accessibility of the narcotic; (4) whether the defendant was under the
influence of narcotics when arrested; (5) whether the defendant possessed other
contraband or narcotics when arrested; (6) whether the defendant made
incriminating statements when arrested; (7) whether the defendant attempted to
flee; (8) whether the defendant made furtive gestures; (9) whether there was an
odor of contraband; (10) whether other contraband or drug paraphernalia were
present; (11) whether the defendant owned or had the right to possess the place
where the drugs were found; (12) whether the place where the drugs were found
was enclosed; (13) whether the defendant was found with a large amount of cash;
and (14) whether the conduct of the defendant indicated a consciousness of
guilt.  Id. at 162 n.12.








It is not the number of links between the
defendant and the contraband that is dispositive, but rather the logical force
of all the evidence.  Id. at
162.  Incriminating connections may be
shown by direct or circumstantial evidence. 
Brown, 911 S.W.2d at 747. 
The evidence need not exclude every reasonable hypothesis other than the
defendant=s guilt, but it must show facts
and circumstances that, viewed in the totality of the circumstances, indicate
the defendant=s knowledge and control over the
drugs.  See id. at 748; State
v. Derrow, 981 S.W.2d 776, 778 (Tex. App.CHouston
[1st Dist.] 1998, pet. ref=d).

C.  Legal Sufficiency

Here, the following evidence linked Joas to the
methamphetamine found in the dumpster: 
(1) Joas ran from the scene of an accident that he was involved in to
throw something into a dumpster; (2) a witness saw Joas throw a silver object
into the dumpster; (3) Joas did not want the police called when the witness
suggested on more than one occasion that the police should be called; (4) the
police recovered a silver object from the dumpster that was in plain view on
top of a cardboard box; and (5) the silver object contained
methamphetamine.  We conclude that the
logical force from these links is sufficient for a rational jury to have concluded
beyond a reasonable doubt that Joas exercised care, custody, control, or
management over the methamphetamine. 
Accordingly, we overrule Joas=s first
point.

D.  Factual Sufficiency








In his second point, which attacks the factual
sufficiency of the evidence linking him to the methamphetamine, Joas emphasizes
the following facts:  (1) there were
inconsistencies as to whether the object was white or silver, (2) there were
inconsistencies as to whether the sliver tin box was in plain sight, and (3) no
fingerprint tests were ever performed. 
We have given due consideration to these facts but, after reviewing the
evidence in a neutral light, we hold the proof of guilt is not so weak as to undermine
confidence in the jury=s verdict.  See Vodochodsky v. State, 158 S.W.3d
502, 510 (Tex. Crim. App. 2005).

The record evidence supporting the trial court=s
judgmentCthough
contradicted somewhat by minor inconsistencies in the testimonyCis not
greatly outweighed by any contrary evidence. 
See Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982) (holding
that the jury is to resolve conflicts in evidence and such conflicts will not
call for reversal if there is enough credible testimony to support the
conviction).  We do not believe these
inconsistencies render the jury=s
verdict Ashocking@ or Amanifestly
unjust,@
especially when considering that three years had passed since the time of the
incident and the time the witness testified at trial. 








The record reveals multiple links between Joas
and the methamphetamine:  (1) a witness
observed Joas running from the scene of a car accident that he was a party to;
(2) a witness saw Joas throw a silver object into a dumpster; (3) a witness
asked bystanders to call the police, and Joas responded, ANo@; (4) a
witness said that he was going to call the police, and Joas responded, ANo, you=re not@; (5) a
witness stayed with the dumpster until the police arrived; (6) the police
recovered a silver tin box that contained what appeared to be methamphetamine;
(7) a witness testified that the silver tin box was in plain sight; (8) another
witness testified that the silver tin box was the only object sitting on top of
a cardboard box that covered most of the area in the dumpster; and (9) forensic
tests confirmed that the silver tin box contained methamphetamine.








Considering all of the evidence in a neutral
light, we conclude that the evidence was factually sufficient to sustain the
jury=s
verdict.  See, e.g., Ortiz v. State,
No. 06‑08‑00090‑CR, 2008 WL 5396546, at *2B3 (Tex.
App.CTexarkana
Dec. 30, 2008, pet. ref=d) (concluding that security
guard witnessing appellant throw a plastic bag with a white substance on it
into a trash can was sufficient to uphold conviction for possession of a controlled
substance); Haynes v. State, No. 13‑04‑00492‑CR, 2005
WL 2470529, at *2B3 (Tex. App.CCorpus
Christi Oct. 6, 2005, no pet.) (holding that officer=s
testimony that appellant approaching a trash can, reaching down towards his
waist, and then extending his hands toward the trash can was sufficient to
uphold conviction for possession of a controlled substance); see also
Dempsey v. State, 667 S.W.2d 801, 803B04 (Tex.
App.CBeaumont
1983, pet. ref=d) (stating that eyewitness
testimony that tied appellant to the dumpster arm slot at a time when the
contraband was present was sufficient, when combined with fact that, during the
time of the surveillance, no other person approached the dumpster and no other
person except the appellant reached toward the arm slot, to sustain conviction
of possession of a controlled substance). 
Accordingly, we overrule Joas=s second
point.

IV.  Conclusion

Having overruled both of Joas=s
points, we affirm the trial court=s
judgment.

 

 

BOB
MCCOY

JUSTICE

PANEL:  LIVINGSTON, MCCOY, and
MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 29, 2009

 











[1]See Tex. R. App. P. 47.4.





[2]During trial, Todd
testified that the object was white. 
However, in Todd=s written statement to
the police, he stated that the object was silver.  When asked which statement would be the most
accurate, Todd testified that his written statement, given the day of the
incident, was more accurate then his testimony given three years after the
incident had occurred.





[3]During trial, Todd
testified that the silver can was in plain sight; however, in Todd=s written statement given
on the day of the incident, he had stated, AAfter talking to the police on the phone, I
continued to look for the canister.@