**Affirmed and Memorandum Opinion filed February 20, 2014.**



In The

# 𝔍𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-13-00175-CR

### TYRONE DWIGHT HAILEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1351466**

## M E M O R A N D U M    O P I N I O N

Appellant Tyrone Dwight Hailey appeals his conviction for possession of a controlled substance. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged with the offense of possession of a controlled substance (cocaine weighing more than four and less than 200 grams). Officer John Guerra testified that on the night of the offense he was flagged down by two

individuals who explained that an incident had occurred and gave him a description of the suspects. Guerra arrived at the location described and saw individuals matching the descriptions of the suspects. He saw one man, later identified as appellant, stopped by a light pole and two others running away. He then saw appellant drop something by the light pole. Guerra exited his vehicle, pointed his weapon toward the suspects and told all of them to get down on the ground.

Officer Wendell Gilbert responded to Guerra's call for assistance. Guerra directed Gilbert to look by the light pole for the item he had seen appellant drop. Gilbert found a purple Crown Royal bag on the ground. There were no other items around the light pole. Gilbert gave the Crown Royal bag to Officer Robert Gilchrest, who opened the bag and found a blue bag, which contained a substance that a field test revealed was approximately 11 grams of crack cocaine.

Appellant was arrested and transported to the Harris County Jail. When appellant was searched at the jail, a blue bag containing crack cocaine was found inside his socks. Appellant later admitted to Officer Paul Reese that he had crack cocaine in his shoes, but appellant denied possessing any other drugs. Appellant was convicted of possession of between four and 200 grams of cocaine and the jury assessed punishment at eleven years' confinement.

## ISSUE PRESENTED

In appellant's sole issue, he challenges the sufficiency of the evidence to support his conviction for possession of between four and 200 grams of cocaine. Specifically, he challenges the sufficiency of the evidence that he knowingly exercised care, custody, and control over the cocaine found in the Crown Royal bag.

ANALYSIS

In evaluating a sufficiency challenge, we view all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (*citing Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). The jury is the exclusive judge of the credibility of witnesses and the weight of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly resolve conflicts in the evidence, and we draw all reasonable inferences from the evidence in favor of the verdict. *Id*. When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

A person commits the offense of possession of a controlled substance if that person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1, and the substance was not prescribed by a practitioner. Tex. Health & Safety Code Ann. § 481.115(a), (d) (West 2010). Cocaine is a controlled substance listed in Penalty Group 1. *Id*. § 481.102(3)(D). "Possession" is defined as "actual care, custody, control, or management." Tex. Penal Code Ann. § 1.07(a)(39) (West 2011); Tex. Health & Safety Code Ann. § 481.002(38). To prove unlawful possession of a controlled substance, the State must establish that (1) the accused exercised care, control, or management over the contraband, and (2) knew the substance was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). The elements of possession may be proven through direct

or circumstantial evidence, although the evidence must establish that the accused's connection with the substance was more than fortuitous. *Id*. at 405–06.

When the accused is not in exclusive possession of the place where the contraband is found, the State must show additional affirmative links between the accused and the contraband. *See Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.). An affirmative link generates a reasonable inference that the accused knew of the contraband's existence and exercised control over it. *See Olivarez*, 171 S.W.3d at 291. Courts have identified the following factors that may help to show an accused's affirmative links to a controlled substance: (1) the accused's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the accused's proximity to, and the accessibility of, the contraband; (4) whether the accused was under the influence of narcotics when arrested; (5) whether the accused possessed narcotics or other contraband when arrested; (6) whether the accused made incriminating statements when arrested; (7) whether the accused attempted to flee; (8) whether the accused made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the accused owned or had the right to possess the place where the contraband was found; (12) whether the place where the contraband was found was enclosed; (13) whether the accused was found with a large amount of cash; and (14) whether the conduct of the accused indicated a consciousness of guilt. *Evans v. State*, 202 S.W.3d 158, 162 n. 12 (Tex. Crim. App. 2006). No set formula necessitates a finding of an affirmative link sufficient to support an inference of knowing possession; affirmative links are established by the totality of the circumstances. *See Wright v. State*, 401 S.W.3d 813, 819 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). The number of factors present is not as important as the logical force the factors

create to prove the accused knowingly possessed the controlled substance. *Roberts v. State*, 321 S.W.3d 545, 549 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

One of the links is the accessibility and proximity of the contraband to the accused. *See Earvin v. State*, 632 S.W.2d 920, 924 (Tex. App.—Dallas 1982, pet. ref'd). There is no dispute that the cocaine was found in a bag close to where appellant was standing. Appellant argues there is no evidence linking him to the bag of cocaine. He asserts that neither Gilbert nor Guerra saw him drop the bag. Guerra, however, did see appellant drop an item, although he could not identify the item as the bag. Guerra then secured the suspects and asked Gilbert to look near the light pole where Gilbert found the Crown Royal bag, which contained the contraband. The parking lot was clean and there were no other items near the light pole. The jury reasonably could have inferred from the testimony of Guerra and Gilbert that appellant dropped the bag containing cocaine when the police arrived. Further linking appellant to the contraband is the fact that he made a furtive gesture in dropping the bag when Guerra arrived and he was found in possession of a lesser amount of crack cocaine.

The contraband was not in plain view, appellant did not attempt to flee, there was not an odor of contraband, appellant did not have a right to own the place where the drugs were found, nor was it an enclosed space. However, Guerra and Gilbert's testimony constituted eyewitness accounts of appellant's link to the contraband and it was within the province of the fact finder to believe their testimony. *See Edwards v. State*, 807 S.W.2d 338, 339 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (stating that eyewitness testimony of officer viewing appellant discard drugs was sufficient to support conviction of possession of a controlled substance); *Dempsey v. State*, 667 S.W.2d 801, 803 (Tex. App.—Beaumont 1983, pet. ref'd) (stating that the state may establish the affirmative link

5

by eyewitness testimony tying the accused to the location where the contraband was found.).

The testimony at trial showed that appellant possessed more than four grams and less than 200 grams of cocaine. We conclude that the logical force from the totality of the links is sufficient for a rational jury to have affirmatively linked appellant to the contraband and found that appellant exercised care, custody, control, or management over the contraband. A rational jury could have found the elements of the offense beyond a reasonable doubt. Having viewed all of the evidence in the light most favorable to the verdict, we conclude the evidence is sufficient to support appellant's conviction. Accordingly, we overrule appellant's sole issue.

The trial court's judgment is affirmed.

/s/    Kem Thompson Frost
            Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).