George **HILL**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 42924.

Court of Criminal Appeals of Texas.

June 10, 1970.

Rehearing Denied July 22, 1970.

O'Neal Dendy, San Angelo, for appellant.

Frank C. Dickey, Jr., Dist. Atty., and David A. Robertson, Asst. Dist. Atty., San Angelo, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is assault with intent to murder with malice aforethought; the punishment, assessed by the court after a verdict of guilty, 12 years.

In both grounds of error the appellant challenges the sufficiency of the evidence to sustain the conviction.

Roy Hughes, a truck driver, testified that on the night of August 10–11th, 1968, while on a trip from San Antonio to Trinidad, Colorado, he stopped his truck at a roadside park on U. S. Highway 87, 14 or so miles from Sterling City, around 10 p. m. and went to sleep in the truck sleeper behind the cab. He awoke thinking he had been in a headon collision only to discover he was being struck in the head (three times) and that the truck doors were open. As he sat up he was shot under the left arm and he hollered. Hughes then saw "somebody go by the hood of my truck." While he was trying to close the truck doors a man came up and fired at him twice more but missed. Hughes then drove north toward Big Spring and stopped at the house of Dick Dubose who took him to a hospital where Dr. Cowper removed a bullet which had caused his left lung to partially collapse.

Dr. Cowper testified that Hughes had an abrasion and contusion and laceration under his right eye such as could have been caused by a blunt instrument. Hughes testified that as a result of injuries to his head his face was now misshapen. Hughes was unable to identify his assailants.

Beverly Ann Hill testified that on the night in question she was a passenger in an automobile being driven by Lamar Cole en route from Hobbs, New Mexico to San

Angelo, Texas, accompanied by the appellant Hill, Sister Girl (Katherine Gaffney), Baby Red, and Hayes Williams; that as they proceeded toward San Angelo they observed a large truck parked on the side of the road and Lamar Cole said, "Let's hijack that truck"; that Cole pulled a gun from under the floor mat and then he and the appellant Hill got out of the car and proceeded toward the truck; that five or ten minutes later they came back to the automobile breathing heavily and Cole said, "I shot the man right here and he squealed like a pig."

Hayes Williams testified he was a passenger in Lamar Cole's car on the occasion in question and had gone to sleep; that when he awoke he observed Cole and the appellant running back to the car breathing heavily; that Cole said when he shot the truck driver George (the appellant) was hitting the truck driver with a stick and that the appellant had asked him (Cole) for the pistol so the appellant could shoot the truck driver but that he did not give the pistol to the appellant. Williams related the appellant did not say anything for a while, but then stated that he had hit the truck driver who squealed. Then the appellant began singing a song about a dead man.

Sheriff Cantrell of Sterling County testified he found a piece of mesquite bark in the bloody truck cab which appeared on comparison to have come from a two foot long mesquite limb which he found at the scene of the shooting.

Testifying in his own behalf, the appellant testified he was asleep when Cole stopped the car and he did not hear Cole's remark about hijacking; that Cole asked him to go to the truck to get some gas; that on the way to the truck Cole pulled out a gun but when asked what he was going to do replied he "wasn't going to do nothing." Appellant claimed Cole climbed upon the truck and asked for gas but the driver was not awake; that at this point Cole announced he was going to shoot the driver and appellant said "Don't shoot." Cole then instructed the appellant to get a stick lying by the front wheel of the truck and to hit the truck driver. Appellant testified he did so to keep Cole from shooting the man; that he struck the truck driver to wake him up and then went to the other side of the truck at Cole's instructions where he heard a shot; that when the driver started the truck he struggled with Cole to keep him from shooting the driver again and two shots were fired during such struggle.

On direct examination he admitted he had two previous felony convictions.

The court charged the jury on the law of principals.

■ Appellant complains of the admission of testimony concerning statements allegedly made by Lamar Cole in the presence of the appellant immediately before and after the alleged offense. Such statements were clearly admissible even if there had been an objection to such testimony which there was not.

■ The jury is the judge of the facts, the credibility of the witnesses and the weight to be given to their testimony. The jury may accept or reject any portion of the testimony, even that of one witness.

This Court in determining the sufficiency of the evidence is confined to whether, viewing the evidence in the light most favorable to the prosecution, there is substantial evidence, either direct or circumstantial, which together with reasonable inferences sustains the verdict.

Viewing the evidence in that light, we deem it sufficient to support the jury's verdict and this conviction.

The judgment is affirmed.