Clinton Lee ISAAC, Appellant,

v.

The STATE of Texas, Appellee.

No. 43863.

Court of Criminal Appeals of Texas.

June 16, 1971.

Rehearing Denied July 28, 1971.

Bernard & Bernard, Putnam Kaye Reiter, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Thomas C. Dunn, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder with malice; trial was before the court and the punishment was assessed at seven years.

The appellant presents four grounds of error, three of which challenge the sufficiency of the evidence to prove murder with malice, and one of which contends that there is no evidence to support the verdict.

The indictment alleged that the appellant, on April 18, 1969, in Harris County, "did with malice aforethought kill Lavern Isaac by shooting her with a gun."

Mahalie Thomas was the first of two witnesses for the State.[1] She testified that on April 18, 1969, she was in her home along with her mother (the deceased), the appellant, and her little sister. The appellant and the deceased were arguing over what bills they were going to pay. She saw the appellant standing in the bedroom holding a pistol in his hand. She went to another room in the house and then she heard three shots. She ran to the bedroom and the appellant said, "I shot your God-damned mother." The appellant prevented her from using the phone, so she went next door to call the police. When she returned, she found her mother lying on the floor. Her mother's heart was not beating and there was a wound in her forehead.

1. At the time of this offense, her name was Mahalie Crawford.

Officer W. C. Roman of the Houston Police Department was the State's second witness. When he went to the house, he found the appellant, who gave him a pistol and told him that he had shot his wife during an argument.

The appellant took the stand in his own behalf and testified that he and his wife were arguing over whether to pay a car note; that he went into the bedroom and that the deceased came in cussing and saying, "I tell you what you gonna get, you gonna get these .32 bullets, I mean every word," and reached for the gun, which was lying at the head of the bed. There was a struggle for possession of the gun, and finally the gun fired and the deceased fell to the floor. He also testified that the deceased got a gun every time they had an argument and that she had shot him before.

■ Where controverted issues are raised by the appellant's testimony, and the jury returns a verdict of guilty, such issues pass out of the case with the jury's verdict. Paris v. State, 157 Tex.Cr.R. 580, 249 S.W. 2d 217. It is for the jury to believe or reject any part of the testimony, and this Court will not disturb their verdict where the same is based upon probative evidence. Barry v. State, 165 Tex.Cr.R. 204, 305 S.W. 2d 580; Johnson v. State, Tex.Cr.App., 449 S.W.2d 65. Thus, in considering the sufficiency of the evidence, we must discard the appellant's testimony and determine only if there was probative evidence to sustain the verdict.

In Hill v. State, Tex.Cr.App., 456 S.W. 2d 699, the rule was stated as follows:

"The jury is the judge of the facts, the credibility of the witnesses and the weight to be given to their testimony. The jury may accept or reject any portion of the testimony, even that of one witness.

"This Court in determining the sufficiency of the evidence is confined to whether, viewing the evidence in the light most favorable to the prosecution, there is substantial evidence, either direct or circumstantial, which together with reasonable inferences sustains the verdict."

In this case, the judge was the trier of the facts and the same rules apply.

■ The State's evidence showed, (1) the appellant and the deceased were arguing, (2) the appellant was holding a pistol, (3) three shots were fired, (4) shortly thereafter, the deceased was lying on the floor and her heart was not beating, (5) the appellant said, "I shot your God-damned mother," (6) the appellant prevented Thomas from using the telephone, (7) the appellant gave a police officer the gun and told him that he had killed his wife. This evidence is sufficient to support the judgment of conviction. All of the appellant's contentions are without merit.

The judgment is affirmed.