**Jessie B. BANKS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48379.**

Court of Criminal Appeals of Texas.

June 19, 1974.

David L. Horton, Fort Worth, Court Appointed on Appeal Only, for appellant.

Tim Curry, Dist. Atty., L. T. Wilson, Billy D. Mills and William A. Knapp, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BILL J. CORNELIUS, Commissioner.

Appellant was convicted of the offense of burglary. Punishment, enhanced by two prior convictions, was life imprisonment.

The first ground of error asserts that the trial court should have allowed appellant to impeach his own witness, Clyde Edward Stephens. The background of this complaint is that appellant, although he admitted that he was at the scene of a Mobil service station when it was burglarized, denied taking any part in the burglary and claimed that Stephens, who was his cousin, was the one who actually broke into the station. Appellant called Stephens as a witness, but he testified that appellant took him home on the evening of the offense at about 6:30 or 7:00 o'clock, and that he stayed there all night. On cross-examination Stephens denied going to the Mobil

service station at all on the night of the burglary. He further testified:

"Q. Did you break into a mobil service station at 1001 North Main on November 29, 1972?

"A. No, sir, I did not.

"Q. Did this defendant—has he talked to you trying to get you to help him out in this case?

"A. We were both on the tenth floor and he used to holler down and talk to me.

"Q. Has he tried to get you to help him out in this case?

"A. He has tried; he asked me to do something."

On redirect, the following occurred:

"BY MR. HARRIS:

"Q. State whether or not, Mr. Stephens —whether or not Mr. Banks—Jessie Banks, called down there and asked you to do something, he was asking you to tell the truth in here?

"A. Mr. Banks?

"Q. Isn't that what it was?

"MR. WILSON: I'm going to object to counsel trying to impeach his own witness.

"THE COURT: This is your own witness.

"MR. WILSON: He put him on and he vouches for his credibility.

"MR. HARRIS: Thank you, no questions.

"THE COURT: That is all, step down."

A party may not impeach his own witness unless the witness testifies to facts injurious to that party's case and the party demonstrates that he was surprised by such testimony. Article 38.28, Vernon's Ann.C.C.P.; Zanders v. State, Tex.Cr. App., 480 S.W.2d 708; Wall v. State, Tex.Cr.App., 417 S.W.2d 59; Smith v. State, Tex.Cr.App., 479 S.W.2d 311. It is not enough for the party to merely claim that he has been surprised. He must demonstrate that fact by the procedure outlined in Pelton v. State, 167 Tex.Cr.R. 649, 322 S.W.2d 529, by showing outside the presence of the jury his prior conversations with the witness or the prior statement of the witness. Pelton v. State, supra; Thrash v. State, 170 Tex.Cr.R. 97, 338 S. W.2d 447; Bostick v. State, Tex.Cr.App., 363 S.W.2d 474.

Even if the testimony of Stephens here could be construed as the statement of facts injurious to the defense, as distinguished from the mere failure to testify as expected, the appellant wholly failed to demonstrate surprise. Furthermore, his counsel made no complaint of the trial court's action in this regard but voluntarily abandoned the matter, stating that he had no further questions. Under these circumstances, no error is shown. Ground of error No. 1 is overruled.

In ground of error No. 2 the appellant complains of certain remarks of the trial judge, which it is contended were so critical of appellant's counsel in the presence of the jury as to be prejudicial error. The remarks were as follows:

"MR. WILSON: Your honor, may I object to the side bar remarks that Counsel keeps making here?

"THE COURT: Okay, I will sustain the objection.

"MR. HARRIS: I apologize, Your Honor.

"THE COURT: And we don't use any kind of swagger stick, Mr. Harris, and we remain seated at Counsel's table. Put up the swagger stick and have a seat.

"MR. HARRIS: All right."

Appellant did not object to the comments of the trial judge. He neither requested an instruction to the jury to disregard them nor moved for a mistrial.

■ Ordinarily counsel should not be reprimanded in the presence of the jury, but we conclude that under the circumstances here the remark did not constitute prejudicial error, especially since no objection was made thereto and no other relief was requested. Fleck v. State, Tex.Cr. App., 380 S.W.2d 621; Gaines v. State, Tex.Cr.App., 481 S.W.2d 835; Cartwright v. State, Tex.Cr.App., 426 S.W.2d 858. Ground of error No. 2 is overruled.

Appellant next complains of the action of the trial court in forcing him to close his case before he was ready to do so. When the witness Dees completed his testimony, the court asked appellant's counsel if he had any more witnesses. Counsel requested a recess but it was denied. He then stated to the court that he had no more witnesses ready at that time but that he refused to close because he needed additional time to secure said witnesses. The trial court refused the request for additional time, and stated that he would "rest" for the appellant, whereupon the case was closed. The court was then recessed until 2:00 p. m. When court reconvened, the trial court stated to appellant's counsel that he had been given from 12:15 until 2:00 o'clock to "see if you could get those other witnesses. Did you get any other witnesses?" The appellant's counsel answered: "No, your honor, we have no more witnesses at this time." When the court asked if the defense closed, counsel for appellant answered: "Yes, your honor."

■ It appears that the appellant was ultimately given the additional time he requested originally, but he was unable to secure the additional witnesses, and at that point he voluntarily closed his case. There is no showing whether the additional witnesses were actually available and, if so, whether or not they would be able to give material testimony. Under the circumstances we can perceive no reversible error. Ground of error No. 3 is overruled.

■ Ground of error No. 4 challenges the sufficiency of the evidence. This contention is based mainly upon the uncertainty of the security guard's identification of appellant as the person he saw in the Mobil service station. On direct examination the guard testified that he had seen a man inside the station and that he chased the man as he ran from the building. He positively identified appellant as being that man. In cross-examination, appellant's counsel was able to cast some doubt on the guard's ability to identify the appellant in the building because of the darkness and of the lack of adequate opportunity for observation. However, it is the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony and it may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit. Isaac v. State, Tex.Cr.App., 468 S.W.2d 855; Barry v. State, 165 Tex.Cr.R. 204, 305 S.W.2d 580. In reviewing the sufficiency of the evidence to support the conviction, we must view the evidence in the light most favorable to the verdict. In doing so, the verdict will be sustained if there is any evidence which, if believed, shows the guilt of the accused. Banks v. State, Tex.Cr.App., 503 S.W.2d 582; Ames v. State, Tex.Cr.App., 499 S.W.2d 110; Ware v. State, Tex.Cr.App., 475 S.W.2d 282; Gasway v. State, 157 Tex.Cr.R. 647, 248 S.W.2d 942, certiorari denied, 344 U.S. 874, 73 S.Ct. 167, 97 L.Ed. 677. There was such evidence in this case. The authorities cited by appellant in support of this ground are cases which involve the sufficiency of circumstantial evidence to support a conviction. The case at bar does not rest upon circumstantial evidence but upon direct evidence, and such authorities are therefore not applicable.

We find no reversible error. The judgment of the trial court is affirmed.

Opinion approved by the Court.