OPINION
BROOKSHIRE, Justice.
The grand jurors charged Appellant with entering a habitation with the intent to commit theft. The principal tried part of the indictment was alleged to have occurred on April 17, 1985. There were three separate enhancement paragraphs. These enhancement paragraphs alleged that Gibson had been finally convicted of the felony of burglary of a building, felony theft and a separate and distinct offense of burglary of a building. The jury tried the guilt or innocence phase. The jury found Appellant guilty. The Appellant elected to have the Bench assess punishment. After receiving and reviewing a presentence report, life imprisonment was assessed.
One ground of error is presented and briefed. It contends that the evidence is insufficient to establish the identity of Glen Ronald Gibson as the “actor perpetrating this offense”.
On April 17, 1985, a residence in Beaumont, on Betty Street, was burglarized. Later, on April 23, 1985, the Appellant herein was identified by Dana McCauley as being the burglar. Briefly, the facts are that, about 1:00 A.M. or, more precisely, 1:10 A.M., Dana heard a noise from an adjoining room in her residence. The noise sounded like something poured out of a bottle — possibly coins. The adjoining room was her brother’s. She was reclining on her bed but immediately went to the hallway. She observed a person, a black male, that she described in some detail, exiting her brother’s room and walking down the hallway actually passing within 3 or 4 feet.
She described his facial features in some detail. He had sad, lazy eyes. He wore a goatee. Dana described his height and weight and other features. He even spoke to Dana, saying: “I’m just getting something.” Just before the burglar made this statement, the burglar had turned and looked at Dana. There was a night light in the hall and also a light in the room of James, who was Dana’s brother. Dana further stated that after he stated: “I’m just getting something”, the actor bent down and picked up a “Gator bag” and then walked past her and out the door. The burglar, the actor, the black male, was wearing a yellow shirt with “Westgate” on it. In open court, at the trial on the merits, Dana identified and pointed to the defendant, our Appellant, as the burglar.
On cross-examination, Dana McCauley admitted that she did not have her eyeglasses on when she saw the burglar. But she said she needed them for “lettering that I can’t read.” She also admitted that the night light in the hall was not a bright one. She further testified that the actor, the burglar, was wearing a white shirt, blue jeans and tennis shoes. He did not wear a hat of any kind. She insisted that he had “sad eyes”, which she also characterized as lazy eyes that were about half closed. He wore a moustache as well as a small goatee. She could not describe or remember his voice. She also claimed that the man she saw in the hall was a black male approximately 5'6", weighing about 145 pounds. She had given substantially the same description to the police when she was interviewed.
After reading, reviewing and analyzing the record in this case, we decide that Appellant’s sole ground of error lacks merit; it is overruled.
The cross-examination- of Dana McCauley was skillful, aggressive and thorough. But the testimony that was developed on cross-examination was for the jury to consider. The cross-examination did not bring about any basic change or impeachment of Dana’s testimony. The cross-examination did not destroy Dana’s in-court, affirmative identification of the Appellant as the burglar. Without hesitation, and in a positive, undoubting, manner, she confidently identified the Appellant as the man she saw in the hallway of her home on the night in question.
*153 The jury was the sole judge of the facts proved by the witnesses. The jury was the exclusive judge of the credibility of the witnesses, including Dana McCauley, and the weight to be given the testimony of each witness. See TEX. CODE CRIM. PROC.ANN. art. 36.13 (Vernon 1981) providing, in substance, that the jury is the exclusive judge of the facts, but the jury must be bound to receive the law from the court and be governed thereby. See also TEX. CODE CR1M.PROC.ANN. art. 38.04 (Vernon 1979) providing, in relevant part:
“The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony....”
Banks v. State, 510 S.W.2d 592 (Tex.Crim.App.1974), deals with the sufficiency of the evidence relating to the question of identity of an accused person in a burglary case. We quote from Banks, supra, at page 595:
“... On direct examination the guard testified that he had seen a man inside the station and that he chased the man as he ran from the building. He positively identified appellant as being that man. In cross-examination, appellant’s counsel was able to cast some doubt on the guard’s ability to identify the appellant in the building because of the darkness and of the lack of adequate opportunity for observation. However, it is the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony and it may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit.” (Emphasis added)
In our case, we have no lack of adequate opportunity for observing this Appellant, who walked within a very few feet of Dana McCauley.
In Combs v. State, 643 S.W.2d 709 (Tex.Crim.App.1982), an en bane court wrote, at page 716:
“In deciding sufficiency of the evidence questions this Court views the evidence in the light most favorable to the verdict. [Citations omitted.]
[[Image here]]
“Sufficiency of the evidence as determined by this Court is a question of law. It is irrelevant whether we as a court believe the evidence, or believe that defense evidence ‘outweighs’ the State’s evidence. If there is any evidence that establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. (Emphasis ours)
We decide that the holdings in Banks, supra, and Combs, supra, are dispositive of this appeal. We affirm the judgment and sentence below.
AFFIRMED.