In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00244-CR
______________________________


PONCE DELEON McCLEARY, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 19654


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Ponce Deleon McCleary, Jr., has appealed from his conviction by a jury for aggravated
assault with a deadly weapon. The jury assessed his punishment at eleven years' imprisonment. 
Appointed counsel filed a statement of lack of appealable issues pursuant to Anders


 in which he
stated that, based on his review of the record, there was no viable argument as to ineffective
assistance of counsel, sufficiency of the evidence, admissibility of evidence, or chain of custody, and
that he did not find any appealable errors in his review. 
            In his statement of lack of appealable issues pursuant to Anders, counsel states that (1) he
diligently reviewed the appellate record and the applicable law, (2) he found no grounds of error on
which an appeal could be based, (3) in his opinion, the appeal is without merit and is frivolous, and
(4) he served a copy of this brief on McCleary with a letter informing him of his right to examine
the record and to file a pro se brief on his own behalf. In counsel's brief, counsel reviews the
indictment, voir dire, evidence introduced at trial, arguments, jury charge, and objections made by
trial counsel during the underlying proceedings. With citations to the record and legal precedent,
counsel explains why he concludes the appeal is without merit. The brief meets the requirements
of Anders in presenting a professional evaluation showing why there is no basis to advance an
appeal. See Anders, 386 U.S. at 744–45; Stafford v. State, 813 S.W.2d 503, 509–10, 510 n.3 (Tex.
Crim. App. 1991); High v. State, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).
            McCleary has filed a pro se brief with this Court. In the brief, he argues the evidence was
insufficient to support the verdict. We apply the legal and factual sufficiency standards as articulated
by Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). There was testimony from three
separate witnesses that McCleary fired a gun at the victim. There was no evidence to the contrary. 
McCleary has directed us to testimony that no shell casings were found where the bullets were
supposedly fired toward the victim, but this evidence is not such as to cast doubt on the jury's verdict
in this case. The evidence is legally and factually sufficient. 
            McCleary also argues that the trial court erred by admitting hearsay evidence of a prior
inconsistent statement of a witness. Specifically, he complains that the testimony of the victim,
Terry Hickson, was inconsistent because McCleary had testified that he had stayed the night with
his girlfriend (Kimberly) because she was about to have a baby, but that the prior witness statement
taken from Hickson showed that the baby had already been born and that he was on his way to her
house at 6:00 a.m. the morning of the shooting.
            Hickson testified that the baby had been born at the time and acknowledged on cross-examination that he had told police he had gone to the girlfriend's house about 6:00 a.m. Then, on
recross examination, Hickson was asked about the birth date of the child, which was actually five
days after the day of the shooting.
            Hickson's testimony was not consistent with his statement, and he clearly was confused about
the dates involved. But he did testify clearly that McCleary was the shooter and that McCleary shot
at him on the morning of April 22, 2003. Inconsistency in testimony is not a reason to keep
testimony out of a trial, but does require a jury to sort through the evidence to determine what really
happened. Conflicts in the evidence are to be resolved by the jury. In doing so, it may accept one
version of facts and reject another or reject any of a witness' testimony. Penagraph v. State, 623
S.W.2d 341 (Tex. Crim. App. 1981). In so doing, it is the jury's job to judge the credibility of the
witnesses and the weight to be given their testimony, and it may resolve or reconcile conflicts in the
testimony, accepting or rejecting such portions thereof as it sees fit. Banks v. State, 510 S.W.2d 592
(Tex. Crim. App. 1974). Error has not been shown.
            We have performed our independent review of the record, and based on our review and that
as set out by counsel, we find no reversible error.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          February 1, 2005
Date Decided:             March 10, 2005

Do Not Publish