In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00176-CR


______________________________




ROGER DALE GENTRY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 5th Judicial District Court


Cass County, Texas


Trial Court No. 2007F00003




 




Before Morriss, C.J., Moseley and Cornelius,* JJ.


Memorandum Opinion by Justice Moseley



________________________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


MEMORANDUM OPINION



 Roger Dale Gentry appeals from his conviction by a jury for indecency with a child by sexual
contact. See Tex. Penal Code Ann. § 21.11(a)(1) (Vernon 2003). The jury assessed his
punishment at twenty years' imprisonment and a $5,000.00 fine. Gentry presently has two other
convictions currently on appeal before this Court. (1)

 Because the issues raised in each appeal are identical, for the reasons stated in our opinion
dated this day in Gentry v. State, cause number 06-07-00175-CR, we affirm the judgment of the trial
court.



 Bailey C. Moseley

 Justice


Date Submitted: October 8, 2008

Date Decided: December 18, 2008


Do Not Publish

1. Gentry appeals from three convictions. In cause numbers 06-07-00175-CR and 06-07-00177-CR, he appeals from his convictions of aggravated sexual assault of a child, and was
sentenced in each case to life imprisonment and a $5,000.00 fine. In cause number 06-07-00176-CR,
he appeals from his conviction of indecency with a child by sexual contact, and was sentenced to
twenty years' imprisonment and a $5,000.00 fine.


60;      

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 29057-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Drug task force officers from Longview and Gregg County executed a search warrant at the
Palace Inn Motel in Longview on April 24, 2001. Officer Floyd Wingo was the first law
enforcement officer in the room, and the first person he saw was Alrencia Durane Black, the
appellant. The officers had secured permission for a "no knock" entry and used a battering ram to
enter the room. Once inside, Wingo found Black in possession of a small quantity of cocaine. A
Gregg County jury convicted Black of possession of less than one gram of cocaine; following the
jury's punishment recommendation, the trial court sentenced Black to two years' confinement and
ordered he pay a fine of $10,000.00.


 
            On appeal, Black contends the evidence is factually insufficient to support the conviction. 
We overrule Black's point of error and affirm the trial court's judgment. 
            When reviewing a challenge to the factual sufficiency of the evidence to support the
conviction, we are required to determine whether, considering all the evidence in a neutral light, the
jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d
477, 484 (Tex. Crim. App. 2004). There are two ways in which we may find the evidence to be
factually insufficient. Id. First, if the evidence supporting the verdict, considered alone, is too weak
to support the jury's finding of guilt beyond a reasonable doubt, then we must find the evidence
insufficient. Id. Second, if—when we weigh the evidence supporting and contravening the
conviction—we conclude that the contrary evidence is strong enough that the State could not have
met its burden of proof, we must find the evidence insufficient. Id. at 484–85. "Stated another way,
evidence supporting guilt can 'outweigh' the contrary proof and still be factually insufficient under
a beyond-a-reasonable-doubt standard." Id. If the evidence is factually insufficient, then we must
reverse the judgment and remand for a new trial. Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim.
App. 1996).
            When police entered the hotel room, Black was the first person Wingo saw. Wingo put
Black on the floor to secure him, and handcuffed him. Wingo noticed a piece of plastic which Black
had clenched in his hand. The plastic contained 0.11 gram of cocaine. 
            Black took the stand in his own defense and claimed that he knew nothing about drugs in the
hotel room and that he had arrived after being asked to bring five bags of ice for beer. Black said
he was on his way out the door when the officers entered the room. Black's defense was that Wingo
found the drugs on the floor and told Black that he believed the drugs belonged to Black. 
            Conflicts in the evidence are to be resolved by the jury. In doing so, it may accept one
version of facts and reject another, or reject any of a witness' testimony. Penagraph v. State, 623
S.W.2d 341 (Tex. Crim. App. 1981). In so doing, it is the jury's job to judge the credibility of the
witnesses and the weight to be given their testimony, and it may resolve or reconcile conflicts in the
testimony, accepting or rejecting such portions thereof as it sees fit. Banks v. State, 510 S.W.2d 592
(Tex. Crim. App. 1974). Thus, the appellate court can consider only those few matters bearing on
credibility  that  can  be  fully  determined  from  a  cold  appellate  record.  Johnson  v.  State,  23
S.W.3d 1, 8 (Tex. Crim. App. 2000). "Such an approach occasionally permits some credibility
assessment but usually requires deference to the jury's conclusion based on matters beyond the scope
of the appellate court's legitimate concern." Id. Thus, conflicts between witnesses will generally be
inviolate, but the validity of testimony can be treated as questionable because of other factors, such
as adverse conditions affecting the ability of the witness to observe an assailant. Id. Because the
jury is the sole judge of the weight and credibility of the witnesses' testimony, it may accept or reject
any or all testimony of any witness. See Heiselbetz v. State, 906 S.W.2d 500, 504 (Tex. Crim. App.
1995). Again, our role is not to "find" facts; rather, it is to see if we can determine that the verdict
is against the great weight of the evidence presented at trial so as to be clearly wrong and unjust. See
Clewis, 922 S.W.2d at 135.
            The evidence is clearly sufficient to support the jury's verdict. Wingo said he found the drugs
in Black's hand, and the jury was free to believe or disbelieve Wingo and Black. Regarding Zuniga's
second analysis, the contrary evidence, Black's testimony, was not strong enough to preclude the
State from meeting its burden of proof. The evidence was factually sufficient to support the jury's
verdict.
 
            We overrule Black's point of error and affirm the trial court's judgment. 



                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          July 15, 2005
Date Decided:             August 4, 2005

Do Not Publish