No. 1010324-A

83,810-01

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS


In re DAMIEN LAMONT ALCORN,

Petitioner.

---

Petition For Writ of Mandamus

For the 228TH Judicial District of Harris County

Article 11.07 Code of Crim. Proc.

District Court Criminal No. 1010324-A

---

PETITION FOR WRIT OF MANDAMUS

---

Damien Lamont Alcorn
TDCJ-ID# 01339759
Mark Stiles Unit
3060 FM 3514
Beaumont, Tx. 77705

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 0 1 2015

Abel Acosta, Clerk

# CERTIFICATE OF INTERESTED PERSONS

The undersigned Petitioner, pro se, of record certifies that the following listed persons and entitles have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualifications or recusal.

Damien Lamont Alcorn, the Petitioner.
Pro Se Representation
Mark Stiles Unit
3060 FM 3514
Beaumont, Tx. 77705

The State of Texas, County of Harris and its
counsel Eva Flores - Assistant District Attorney
1201 Franklin, Suite 600
Houston, Texas. 77002

Honorable Marc Carter - Judge Presiding
228TH District Court
16136 Criminal Justice Center
1201 Franklin
Houston, Tx. 77002

The petitioner, Damien Lamont Alcorn, hereby certifies that he is indigent and has no way to make copies to deliver to the Judge and Assistant District Attorney and humbly request that this Honorable Court suspend this rule to afford Petitioner a chance to proceed with his Petition.

# TABLE OF CONTENTS

CONTENTS                                                    PAGE(S)

PETITION FOR WRIT OF MANDAMUS _____ i

CERTIFICATE OF INTERESTED PERSONS _____ ii

TABLE OF AUTHORITIES _____ iv

JURISDICTION STATEMENT _____ 1.

STATEMENT OF THE CASE _____ 1, 2.

ARGUMENT: REASONS WHY WRIT SHOULD ISSUE _____ 2-4.

CONCLUSION _____ 4

APPENDIX:

# TABLE OF AUTHORITIES

AUTHORITIES                                                                    PAGE(S)

Haines v. Kerner, 404 U.S. 519, 521 (1972) _____ 1

In re Corrugated Container Antitrust Litig. Mead Corp.,
614 F.2d 958, 961-62 (5th Cir. 1980) _____ 3

In re Willy, 831 F.2d 545, 549 (5th Cir. 1987) _____ 4

United States v. Denson, 603 F.2d 1143, 1146 (5th Cir. 1979) _____ 3,4


CODES OF CRIMINAL PROCEDURE

Texas Code of Criminal Procedure art. 11.07 _____ 1, 2
Texas Code of Criminal Procedure art. 11.07 § 3(d) _____ 2


RULES

Texas Rules of Appellate Procedure, Rule 73.4(5) _____ 2,3
Texas Rules of Appellate Procedure, Rule 73.5 _____ 3

App. No. 1010324-A

IN THE

TEXAS COURT OF CRIMINAL APPEALS

AT AUSTIN, TEXAS

In re DAMIEN LAMONT ALCORN,  §     FROM THE 228TH DISTRICT COURT

Petitioner,  §     OF HARRIS COUNTY, TEXAS

---

PETITION FOR WRIT OF MANDAMUS

---

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW DAMIEN LAMONT ALCORN, the petitioner, pro se, and respectfully moves this Honorable Court to issue a writ of mandamus and order the 228th District Court of Harris County, Texas, Criminal No. 1010324-A, to either designate and resolve the issues in Cause No. 1010324-A proposed by the State on January 26, 2015 and forward Petitioner's Article 11.07 Writ of Habeas Corpus application, memorandum brief in support of application, and any and all exhibits to this Honorable Court.

## I.

### JURISDICTION STATEMENT

Jurisdiction of this Court is invoked pursuant to Article 11.07 of the Texas Code of Criminal Procedure. Petitioner is currently in State custody at the Texas Department of Criminal Justice-Institutional Division and has limited access to Texas State Law books and requests that this Court liberally construe his pleadings in light of Haines v. Kerner, 404 U.S. 519, 521 (1972).

## II.

### STATEMENT OF THE CASE

Applicant is illegally confined pursuant to the judgment and sentence of the 228TH District Court of Harris County, Texas, in cause no. 1010324, where Applicant was convicted by jury on November 23, 2005 for the felony offense of capital murder. After the jury's finding of guilt, the Trial Court assessed Applicant's punishment at confinement for life in the Texas Department of Criminal Justice-Institutional Division.

1.

The Fourteenth Court of Appeals delivered an unpublished memorandum opinion affirming the Applicant's conviction on February 27, 2007. Alcorn v. State, 14-05-01195-CR, 2007 WL 582292 (Tex. App.-Houston [14th Dist.] February 27, 2007. pet. ref'd.).

## III.

## ARGUMENT: REASON WHY WRIT SHOULD ISSUE

On January 20, 2015, Chris Daniel, the District Clerk for Harris County, Texas notified Applicant that his Article 11.07 Writ of Habeas Corpus was received and filed on January 7, 2015. See: Petitioner's Exhibit A. Pursuant to Article 11.07 of the Texas Code of Criminal Procedure the State is afforded 15 days in which to answer the application after having been served with said application. Petitioner avers that the State, in the 15 days allowed to answer Applicant's application, proposed that the Trial Court designate issues of fact which needed to be resolved in the instant proceeding and made a motion to that effect on January 26, 2015. See: Applicant's Exhibit B.

As a result of the State's motion, the Trial Court adopted the State's Proposed Order Designating Issues on three grounds on January 30, 2015:

1) Whether the applicant received ineffective assistance of counsel;

2) Whether the trial court erred in granting the State's motion to compel; and

3) Whether there was sufficient evidence with which to convict the applicant.

These issues were initially designated pursuant to TEX. CODE CRIM. PROC. art. 11.07. § 3(d). Effective January 1, 2014, this Court established in the Texas Rules of Appellate Procedure § 73.4(5) that on the 181st day from the date of receipt of the application by the State of a post-conviction application for writ of habeas corpus under Article 11.07, the district clerk shall forward the writ record to the Court of Criminal Appeals unless the district court has received an extension of time

2.

from the Court of Criminal Appeals pursuant to Rule 73.4(5).

Also, in Texas Rules of Appellate Procedure, Rule 73.5, the time frame for resolution of claims raised in an application is 180 days from the date of receipt of the application by the State. The Rule states that the convicting court shall resolve any issues that the court has timely designated for resolution. Any motions for extension of time must be filed in the Court of Criminal Appeals before the expiration of the 180-day period. T.R.A.P. 73.5.

In the instant case the designated issues proposed by the State were not resolved in accordance with T.R.A.P. 73.5. and Applicant hasn't been notified that the State has received an extension. Furthermore, the State has filed an out-of-time response to Applicant's application 7 months after initially receiving his application and still hasn't resolved the designated issues. The State's original answer should not be included into the record because the State has failed to respond in accordance to Article 11.07. The State has 15 days to answer.

Finally, the State, in it's out-of-time original answer further elects to designate the issue of ineffective assistance of counsel and completely disregard the issues the trial court adopted to designate.

In accordance to Rules 73.4(5) and 73.5, Applicant requests that this Honorable Court issue a mandamus and direct the 228TH District Court of Harris County, Texas to resolve all issues of fact and then forward the writ record to the Court of Criminal Appeals at Austin, Texas for further proceedings.

A "writ of mandamus is an order directing a public official or public body to perform a duty exacted by law." United States v. Denson, 603 F.2d 1143, 1146 (5th Cir. 1979). It "is an extraordinary remedy for extraordinary causes." In re Corrugated Container Antitrust Litig. Mead Corp. 614 F.2d 958, 961-62 (5th Cir. 1980). To obtain the writ, the petitioner must show "that no other adequate means exists

3.

to attain the relief requested and that his right to issuance of the writ is clear and indisputable." In re Willy, 831 F.2d 545, 549 (5th Cir. 1987). The issuance of the writ is within the Court's discretion. Denson, 603 F.2d at 1146.

WHEREFORE, based on the above, DAMIEN LAMONT ALCORN, urges this Honorable Court to issue a writ of mandamus directing the 228TH Judicial District Court of Harris County, Texas, Cause No. 1010324-A, to resolve the timely designated issues and then forward the appellate record to the Court of Criminal Appeals after making it's recommendations, findings of fact, and conclusions of law.

Respectfully submitted on this __24th__ day of __August__, 2015.

Damien Lamont Alcorn #01339759
PRO SE REPRESENTATION
Stiles Unit
3060 FM 3514
Beaumont, Tx. 77705

4.

# APPENDIX

1) Date Habeas Application Received

2) Motion Requesting Designation of Issues

3) State's Proposed Order Designating Issues

4) State's Original Answer

January 20, 2015

DAMIEN LAMONT ALCORN
#01339759 - STILES UNIT
3060 FM 3514
BEAUMONT, TX 77705

RE: CAUSE #1010324-A
228th District Court

Dear Applicant:

Your post conviction application for Writ of Habeas Corpus was received and filed on 1-7-15. Article 11.07 of the Texas code of Criminal Procedure affords the State 15 days in which to answer the application after having been served with said application. After the 15 days allowed the State to answer the application, the Court has 20 days in which it may order the designation of issues to be resolved, if any. If the Court has not entered an order designating issues to be resolved within 35 days after the State having been served with the application, the application will be forwarded to the Court of Criminal Appeals for their consideration pursuant to Article 11.07, Sec. 3(c) of the Texas Code of Criminal Procedure.

The records of the office reflect the following:

**CAUSE NO.**    **PETITION FOR WRIT OF HABEAS CORPUS**    **DISPOSITION**

All future correspondence should indicate the above listed cause number.

Sincerely,

Brenda McNeil, Deputy
Criminal Post Trial

CC: District Attorney
     Judge, Presiding Court



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

February 4, 2015

DAMIEN LAMONT ALCORN
#01339759 - STILES UNIT
3060 FM 3514.
BEAUMONT, TX 77705

To Whom It May Concern:

Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, please find enclosed copies of the documents indicated below concerning the Post Conviction Writ filed in cause number 1010324-A in the 228th District Court.

☐ State's Original Answer Filed ,

☐ Affidavit ,

☐ Court Order Dated ,

☐ Respondent's Proposed Order Designating Issues and Order For Filing Affidavit.

☐ Respondent's Proposed Findings of Fact and Order ' ,

☒ Other

Sincerely,

Brenda McNeil, Deputy
Criminal Post Trial

Enclosure(s) – Motion Requesting Designation Of Issues / State's Proposed Order Designating Issues

Cause No. 1010324-A

EX PARTE § IN THE 228th DISTRICT COURT

§ OF

DAMIEN LAMONT ALCORN, § HARRIS COUNTY, TEXAS
Applicant

## MOTION REQUESTING DESIGNATION OF ISSUES

The State of Texas, by and through its Assistant District Attorney for Harris County, requests that this Court, pursuant to TEX. CODE CRIM. PROC. art. 11.07, §3(d), designate the following issues which need to be resolved:

1. Whether the applicant received ineffective assistance of counsel;

2. Whether the trial court erred in granting the State's motion to compel; and

3. Whether there was sufficient evidence with which to convict the applicant.

FILED
Chris Daniel
District Clerk

JAN 2 6 2015

Time:_____
Harris County, Texas
By_____
Deputy

Service has been accomplished by mailing a true and correct copy of the foregoing instrument to the applicant at the following address:

Damien Lamont Alcorn
#13389759 – Stiles Unit
3060 FM3514
Beaumont, Texas 77705

SIGNED this 26th day of January, 2015.

Respectfully submitted,

Eva Flores
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657 (office)
(713) 755-5809 (fax)
Texas Bar I.D. #24059760

Cause No. 1010324-A

FILED
Chris Daniel
District Clerk
JAN 26 2015
Time:_____
228 Harris County, Texas
Deputy

EX PARTE                    §    IN THE 228th DISTRICT COURT

                            §    OF

DAMIEN LAMONT ALCORN,       §    HARRIS COUNTY, TEXAS
Applicant

## STATE'S PROPOSED ORDER DESIGNATING ISSUES

Having reviewed the applicant's application for writ of habeas corpus, the Court finds that the following issues need to be resolved in the instant proceeding:

1. Whether the applicant received ineffective assistance of counsel;

2. Whether the trial court erred in granting the State's motion to compel; and

3. Whether there was sufficient evidence with which to convict the applicant.

Therefore, pursuant to Article 11.07, §3(d), this Court will resolve the above-cited issue and then enter findings of fact.

The Clerk of the Court is **ORDERED** **NOT** to transmit at this time any documents in the above-styled case to the Court of Criminal Appeals until further order by this Court.

By the following signature, the Court adopts State's Proposed Order Designating Issues in Cause Number 1010324-A.

SIGNED on the _____ day of ___013015_____, 2015.

_____
PRESIDING JUDGE

2



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

August 7, 2015

DAMIEN LAMONT ALCORN
#01339759 - STILES UNIT
3060 FM 3514
BEAUMONT, TX 77705

To Whom It May Concern:

Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, please find enclosed copies of the documents indicated below concerning the Post Conviction Writ filed in cause number 1010324-A in the 228th District Court.

☒ State's Original Answer Filed August 6, 2015

☐ Affidavit            ,

☐ Court Order Dated            ,

☐ Respondent's Proposed Order Designating Issues and Order For Filing Affidavit.

☐ Respondent's Proposed Findings of Fact and Order            ,

☐ Other

Sincerely,

Brenda McNeil, Deputy
Criminal Post Trial

Enclosure(s) –

1201 FRANKLIN • P.O. BOX 4651 • HOUSTON, TEXAS 77210-4651 • (888) 545-5577

REV: 01-02-04

Cause No. 1010324-A

F I L E D
Chris Daniel
District Clerk
AUG 0 6 2015
Time:_____
Harris County, Texas
By_____
Deputy

EX PARTE                              §        IN THE 228th DISTRICT COURT

                                      §        OF

DAMIEN LAMONT ALCORN,                 §        HARRIS COUNTY, TEXAS
    Applicant

## STATE'S ORIGINAL ANSWER

The State of Texas, by and through its Assistant District Attorney for Harris County, files this, its original answer in the above-captioned cause, having been served with the original application for writ of habeas corpus, pursuant to TEX. CODE CRIM. PROC. art. 11.07 (West 2013), and would show the following:

I.

The applicant is confined pursuant to the judgment and sentence of the 228th District Court of Harris County, Texas, in cause number 1010324 (the primary case), where the applicant was convicted by a jury on November 23, 2005 for the felony offense of capital murder. The jury assessed the applicant's punishment at

confinement for life in the Texas Department of Criminal Justice – Corrections Institutions Division (TDCJ-ID).

The Fourteenth Court of Appeals delivered an unpublished memorandum opinion affirming the applicant's conviction in the primary case on February 27, 2007. *Alcorn v. State*, 14-05-01195-CR, 2007 WL 582292 (Tex. App. – Houston [14th Dist.] February 27, 2007, pet. ref'd.).

## II.

The State denies the factual allegations made in the instant application, except those supported by official court records, and offers the following additional reply:

### Reply to the Applicant's First and Second Grounds for Relief

In his first ground for relief, the applicant alleges that the State withheld *Brady* information. *Applicant's Writ at 6-7.* Specifically, the applicant claims that the State withheld phone records of the applicant's accomplice that the State received several months before trial. *Id.*

2

In his second ground for relief, the applicant alleges that the State committed prosecutorial misconduct when it used perjured testimony. *Applicant's Writ at 8-9.* Specifically, the applicant claims that a State's witness lied when she testified that her husband sold or gave a gun to the applicant. *Id.*

## Brady Violation

Under *Brady v. Maryland*, 373 U.S. 83 (1963), the State is required to provide a defendant with any exculpatory evidence that is favorable and material. When alleging a *Brady* violation, the applicant has the burden of showing that: 1) the prosecutor failed to disclose evidence; 2) the evidence was favorable to the applicant; and 3) the evidence was material, such that there is a reasonable probability that, had the evidence been disclosed to the defense, the outcome of the trial would have been different. *Ex parte Kimes*, 872 S.W.2d 700, 702-703 (Tex. Crim. App. 1993).

In the instant claim, the applicant fails to demonstrate that this information was withheld from the defense. The applicant shows

3

records that existed in 2005, but has not shown that trial counsel was not aware of these records. Furthermore, he fails to show how or that these records are exculpatory. Finally, the applicant fails to demonstrate materiality such that there is a reasonable probability that, had trial counsel known of the records (assuming *arguendo* that counsel was not aware of the records), the outcome of the trial would have been different. *Ex parte Kimes*, 872 S.W.2d 700, 702-703 (Tex. Crim. App. 1993).

## *Prosecutorial Misconduct*

A prosecutor's active or passive use of perjured testimony violates a defendant's right to due process. *Ex parte Castellano*, 863 S.W.2d 476, 481 (Tex. Crim. App. 1993), citing *Mooney v. Holohan*, 294 U.S. 103, 55 S.Ct. 340 (1935). Such violation occurs whenever the prosecutor has actual or imputed knowledge of the perjury which is material to the conviction. *Ex parte Castellano* at 481, 485. The State commits a due process violation when (1) the State presents false testimony, (2) the State knows or has reason to

4

know that the testimony was false, and (3) the false testimony is material. Furthermore, the prosecutor must correct a false impression, including those that do not amount to perjury, left by a witness. *Giglio v. United States*, 405 U.S. 150, 153, 92 S.Ct. 763 (1972); *Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173 (1959); *Alcorta v. Texas*, 355 U.S. 28, 32, 78 S.Ct. 103 (1957).

A charge of perjury is a serious accusation and must be clearly supported by the evidence. *Haywood v. State*, 507 S.W.2d 756, 760 (Tex. Crim. App. 1974). A defendant bears the burden of showing that testimony used by the State was perjured. *Luck v. State*, 588 S.W.2d 371, 373 (Tex. Crim. App. 1979) (op. on reh'g); *Hawkins v. State*, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983). Even if conflicting testimony is presented, that fact alone would not indicate perjury. *Losada v. State*, 721 S.W.2d 305, 312 (Tex. Crim. App. 1986); *Brown v. State*, 477 S.W.2d 617, 623 (Tex. Crim. App. 1972). In this case, the applicant fails to meet his burden of showing that the testimony that forms the basis of his complaints amounts to

5

perjury. The applicant merely highlights conflicts between his own testimony and that of a State's witness.

Conflicting testimony is resolved by the fact finder – in this case, the jury. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). The jury may accept all, part, or none of any witness's testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981). It is the jury's job to judge the credibility of the witnesses, and to decide the weight given to each witness's testimony. *Banks v. State*, 510 S.W.2d 592, 595 (Tex. Crim. App. 1974) (abrogated on other grounds). The jury may resolve or reconcile any conflicts in testimony as they see fit. *Id.* When evidence exists that both supports and conflicts with the jury's verdict, the courts must assume that the fact finder resolved such conflicts in favor of the verdict rendered. *Turro v. State*, 856 S.W.2d 43, 47 (Tex. Crim. App. 1993). That is exactly what happened in the instant case – the jury resolved the conflicts in the testimony in favor of a guilty verdict.

6

Furthermore, trial counsel had the opportunity to cross-examine the witness during trial. The jury thus had the opportunity to consider the testimony of all witnesses. All of the alleged conflicts in evidence were before the jury for its consideration, both for substantive and credibility purposes.

The applicant fails to demonstrate that the State knowingly relied upon false statements. For all these reasons, the applicant's first and second grounds for relief are without merit, and should be denied.

## Reply to the Applicant's Third Ground for Relief

The applicant alleges in his third ground for relief that there is no evidence, other than uncorroborated accomplice testimony, to support his conviction. *Applicant's Writ at 10-11.*

On appeal, the applicant raised four grounds for relief:

1. That the evidence was not sufficient to support his conviction, as it relied solely on the testimony of a person the applicant feels should have been designated an accomplice to the crime;

7

2. That the co-defendant's refusal to testify and invocation of his Fifth Amendment right was improperly imputed to the applicant, unfairly prejudicing the applicant;

3. That the trial court erred by admitting evidence of the applicant's extraneous offenses and bad acts via a third party's testimony; and

4. That the trial court erred by admitting evidence of the applicant's extraneous offenses and bad acts via the applicant's recorded statement to police.

See *Alcorn v. State*, 14-05-01195-CR, 2007 WL 582292 (Tex. App. – Houston [14th Dist.] February 27, 2007, pet. ref'd.).

In its decision, the Fourteenth Court of Appeals found that "the trial court correctly gave the jury the responsibility of determining whether [the State's witness] was an accomplice," and overruled the applicant's first issue on appeal. *Alcorn v. State*, 14-05-01195-CR, 2007 WL 582292 at \*1-\*4. The Court of Appeals specifically noted that mere presence, knowledge, failure to disclose, and concealment

of a crime do not make an individual an accomplice." *Id.* (citing Maynard v. State, 166, S.W.3d 403, 411 (Tex. App. – Austin 2005, pet. ref'd).

The Fourteenth Court of Appeals also addressed the applicant's claim that the trial court erred by allowing the State to grant use immunity to his accomplice. Specifically, the Court of Appeals noted that the trial court advised the accomplice that he could not invoke his Fifth Amendment right to remain silent because he had been granted use immunity. *Alcorn v. State*, 14-05-01195-CR, 2007 WL 582292 at *4. Despite the court's admonishment, the accomplice refused to testify, so the trial court held the accomplice in contempt of court – ten times. *Id.*; *State's Writ Exhibit A, Judgment of Contempt and Commitment Order in cause number 1047601; State's Writ Exhibit B, Judgment of Contempt and Commitment Order in cause number 1047602; State's Writ Exhibit C, Judgment of Contempt and Commitment Order in cause number 1047603; State's Writ Exhibit D, Judgment of Contempt and Commitment Order in*

*cause number 1047604; State's Writ Exhibit E, Judgment of Contempt and Commitment Order in cause number 1047605; State's Writ Exhibit F, Judgment of Contempt and Commitment Order in cause number 1047606; State's Writ Exhibit G Judgment of Contempt and Commitment Order in cause number 1047607; State's Writ Exhibit H, Judgment of Contempt and Commitment Order in cause number 1047608; State's Writ Exhibit I, Judgment of Contempt and Commitment Order in cause number 1047609; and State's Writ Exhibit J, Judgment of Contempt and Commitment Order in cause number 1047610.* The Court of Appeals held that the applicant was not unfairly prejudiced by the accomplice's invocation of his own Fifth Amendment right to remain silent.

The Court of Appeals further held that the applicant failed to preserve error by failing to object in a timely manner in his claim that the trial court abused its discretion when it allowed a witness to testify about the applicant's extraneous offenses and prior bad acts. *Alcorn v. State*, 14-05-01195-CR, 2007 WL 582292 at *4-*5.

10

Finally, the Court of Appeals, without specifically finding error, held that the applicant was not harmed by the trial court's admission of evidence of the applicant's extraneous offenses and prior bad acts via the applicant's recorded statement with the police. *Alcorn v. State*, 14-05-01195-CR, 2007 WL 582292 at *5-*6.

Issues raised and rejected on direct appeal need not be considered on habeas. *Ex parte Acosta*, 672 S.W.2d 470, 472 (Tex. Crim. App. 1984). The Court of Appeals has addressed the applicant's third ground for relief directly. Because the applicant's third ground for relief was raised and rejected on direct appeal, that issue need not be considered in the instant writ proceeding or in any subsequent proceeding. *Ex parte Acosta*, 672 S.W.2d at 472.

## Reply to the Applicant's Fourth, Fifth, and Sixth Grounds for Relief

The applicant alleges in his fourth ground for relief that the trial court erred by denying his motion to find that the State's witness was a party to the offense. *Applicant's Writ at 12-13.*

11

In the applicant's fifth ground for relief, he complains that the trial court erred by allowing the State to grant his accomplice use immunity. *Applicant's Writ at 14-15.*

In his sixth ground for relief, the applicant complains that the trial court erred by failing to instruct the jury that a witness's testimony may be tainted if that witness is compensated. *Applicant's Writ at *16-*17[1].*

Claims of trial court error are generally record claims which are required to be raised in the trial court and on direct appeal. An application for writ of habeas corpus may not be used to litigate matters that could have been raised on direct appeal. *Ex parte Nelson,* 137 S.W.3d 666, 667 (Tex. Crim. App. 2004); *Ex parte Townsend,* 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). "Record claims" which could have been but were not presented in the trial court or on direct appeal should not be considered on habeas. *Ex*

---

[1] The applicant's writ memorandum uses pages "14" and "15" repeatedly to complete his writ application. In order to avoid confusion for the purposes of this answer, the State will designate the page after the first page 14 and page 15 of the writ application as page 16, and continue thereon.

*parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996) (op. reh'g). Because the applicant's claim of trial court error is a record claim, it should not be considered on habeas.

For all these reasons, the applicant's fourth, fifth, and sixth grounds for relief are without merit and should be denied.

## Reply to the Applicant's Seventh and Eighth Grounds for Relief

In his seventh and eighth grounds for relief, the applicant complains of ineffective assistance of counsel. Specifically, the applicant claims that counsel failed to:

1. object to the prosecutor referring to the identity of the applicant's accomplice because the applicant had not yet been identified as having been at the scene;

2. object to the admission of the applicant's accomplice's criminal history;

3. object to hearsay testimony of "witnesses;"

4. investigate;

5. interview witnesses; and

13

6. object to illegally seized evidence.

*Applicant's Writ at 18\*-21\*.*

The United States Supreme Court held in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), that the benchmark for judging any claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. The Court in *Strickland* set forth a two-part standard, which has been adopted by Texas. *See Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). First, the defendant must prove by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (citing *Strickland v. Washington*, 466 U.S. at 688). Reasonably effective assistance of counsel does not require error-free counsel, or counsel whose competency is judged by hindsight. *Mercado v.*

14

*State*, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981). Second, there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.*

Article I, Section 10 of the Texas Constitution also requires that a criminal defendant receive effective assistance of counsel. However, the Texas constitutional provision does not create a standard that is more protective of a defendant's rights than that established in *Strickland.* *Black v. State*, 816 S.W.2d 350, 357 (Tex. Crim. App. 1991) (citing *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986)). Therefore, an analysis of the effectiveness of the applicant's trial counsel in the primary case pursuant to the *Strickland* standard satisfies both the federal and state constitutional requirements.

The court will not use hindsight to second-guess a tactical decision made by trial counsel, nor will the fact that another

15

attorney might have pursued a different course support a finding of ineffectiveness. *Solis v. State*, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990); *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979). When evaluating an ineffective assistance claim, the reviewing court looks at the totality of the representation and the particular circumstances of the case. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In reviewing counsel's performance, the court indulges a strong presumption that he acted within the wide range of reasonable professional assistance. *Id.*

*Failure to Object*

The applicant complains that trial counsel failed to object to:

7. the prosecutor referring to the identity of the applicant's accomplice because the applicant had not yet been identified as having been at the scene;

8. the admission of the applicant's accomplice's criminal history;

9. hearsay testimony of "witnesses;"

16

10.      illegally seized evidence.

*Applicant's Writ at 18\*-21\*.*

To show ineffective assistance of counsel for failure to object, the applicant must show that the trial court would have either sustained the objection or that he would have committed error in overruling the objection. *Ex parte White*, 160 S.W.3d 46 (Tex. Crim. App. 2004); *Vaughn v. State*, 931 S.W.2d 564 (Tex. Crim. App. 1996). Furthermore, an isolated failure to object generally does not in itself constitute ineffective assistance. *Bridge v. State*, 726 S.W.2d 558 (Tex. Crim. App. 1986).

## Failure to Investigate

The applicant alleges that counsel failed to conduct an adequate investigation, and failed to interview witnesses. *Applicant's Writ at 18\*-19\*.*

The defense counsel has a duty to make a proper investigation and prepare for trial. *Ex parte Dunham*, 650 S.W.2d 825 (Tex. Crim. App. 1983). In order to succeed on a claim of

17

ineffective assistance of counsel for failure to investigate, an applicant must show what a more in-depth investigation would have revealed. *Mooney v. State*, 817 S.W.2d 693 (Tex. Crim. App. 1991). Furthermore, the applicant must show how the alleged inadequate preparation affected the outcome of the trial. *Ex parte Walker*, 777 S.W.2d 427 (Tex. Crim. App. 1989). Moreover, even assuming *arguendo*, that defense counsel limited his investigation, an attorney's decision may be reasonable under the circumstances. *Harris v. Dugger*, 874 F.2d 756, 763 (11th Cir.), cert. denied, 110 S.Ct. 573 (1989); *Butler v. State*, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986).

The applicant fails to show what further investigation by counsel would have revealed, nor how counsel's alleged inadequate investigation affected the outcome of the instant case. The applicant also fails to allege what, if any, witnesses counsel should have interviewed. The applicant presents nothing more than conclusory allegations that counsel failed to investigate, which, even

18

if sworn to, do not overcome the State's denial and do not warrant habeas relief. *Ex parte Young*, 418 S.W.2d 824 (Tex. Crim. App. 1967); *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988). The applicant also fails to show how counsel's failure to investigate rendered his representation ineffective. Thus, the applicant fails to meet his requisite burden, and these aspects of the applicant's claims of ineffective assistance of counsel are without merit, and should be denied.

Nevertheless, and without waiving the foregoing arguments, the resolution requires information concerning trial counsel's strategic decisions, and confidential communications with the applicant. Therefore, the State believes that further factual investigation is necessary to determine the merit, if any, to the applicant's ineffective assistance of trial counsel claim.

## III.

The trial court has already designated the issue of ineffective assistance of counsel as an issue that needs to be addressed. The

State respectfully requests that the trial court order Randolph McDonald to file an affidavit addressing the instant allegations of ineffective assistance.

## IV.

Service has been accomplished by sending a copy of this instrument to the following address:

Damien Lamont Alcorn
#1339759 – Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

SIGNED this 6th day of August, 2015.

Respectfully submitted,

Eva Flores
Assistant District Attorney
Harris County, Texas
1201 Franklin, 6th Floor
Houston, Texas 77002
(713) 755-6657
(713) 755-5240 (fax)
Texas Bar ID #24059760

20

## Certificate of Compliance as Required by Tex. R. App. 73.3

The State of Texas, through its Assistant District Attorney for Harris County, files this, its Certificate of Compliance in the above-captioned cause, having been served with an application for writ of habeas corpus pursuant to Tex. Crim. Proc. Code art. 11.07 § 3. The State certifies that the number of words in the State's Answer is <u>3,059</u>.